FRANK KASPER v. ANTON WALLA.

FILED OCTOBER 7, 1896. No. 6695.

Conversion of Mortgaged Chattels: MEASURE OF DAMAGES. The measure of damage in an action by the mortgagee for the conversion of mortgaged chattels is the amount of the plaintiff's mortgage, not exceeding the value of the property converted.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*Edward W. Simeral*, for plaintiff in error.

*Capek & Piatti* and *R. V. Montague, contra.*

POST, C. J.

This was an action by the plaintiff below, Walla, for the conversion by the defendant therein, Kasper, of a certain printing press, printing material, type, and office furniture in which the former had a special interest by reason of a chattel mortgage executed by one Hospodsky. The facts out of which the controversy arose are as follows: Some time previous to the alleged conversion Kasper and Hospodsky purchased from Walla the presses, type, material, and office furniture of the *Nova Vlast*, a newspaper published in the Bohemian language, for the consideration of $800, of which one-half was paid in cash by the former, and the balance represented by the unsecured notes of the latter. Hospodsky subsequently executed to Walla a chattel mortgage upon his undivided half interest in the property so purchased, for $340, as security for the notes mentioned. Kasper, who had in the meantime added to the stock above described property of like character purchased on his own account, sold the entire plant to one Rosisky, receiving in payment therefor certain shares of the capital stock of the Pokrok Zapadu Printing Company, of which the said Rosisky was president and manager. Thereupon, as above stated, this action was instituted by Walla and prosecuted to judgment in his favor, and which has been removed into this court for review.

It is first alleged that the district court erred in admitting proof of the amount and value of the stock of the Pokrok Zapadu Company received by Kasper in exchange for the property mentioned. A question to which prominence was given at the trial was whether the transaction

above mentioned with Rosisky as the representative of the Pokrok Zapadu Company included the entire plant of the *Nova Vlast,* or Kasper's interest only. The latter having testified in his own behalf that the consideration for the shares of stock received by him was his interest in the presses, type, and furniture, the plaintiff was, by way of cross-examination, permitted to show the value of such stock. The value of the consideration given by the defendant was, to say the least, one of the circumstances accompanying and tending to explain the disputed transaction, and was accordingly admissible for that purpose.

The only other assignment of error relates to the giving of instruction No. 5 by the court on its own motion, to-wit:

"5. If you find for the plaintiff, the measure of his recovery will be the market value of the property converted by defendant at the time of such conversion, with interest thereon from the date of such conversion to the 6th day of February, 1893, providing the amount you find was the value of the property at the time of conversion, with interest added, does not exceed the amount you find due plaintiff on his notes, interest added as above explained, and providing further, that the value of the property must be the fair market value of the property at the time of the conversion, not what it did in fact sell for, unless you find that the price at which it sold was the fair market value in the market for such property. In other words, if you find for the plaintiff, your verdict should be for the plaintiff for such an amount as you find due him from Hospodsky on the mortgage and notes, but the same must be within and not greater than the fair market value of the property as shown by the evidence."

This instruction, it is argued, authorizes a recovery for the amount of the mortgage described without regard to the value of the property converted. But the language there employed does not, in our judgment, admit of any such interpretation. Taken together, the several paragraphs correctly state the measure of damage, viz., the

amount of plaintiff's mortgage, provided the amount due thereon does not exceed the value of the property converted.

There is no error in the record, and the judgment will be

AFFIRMED.